UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATANYA BROWN,

                                    Plaintiff,

                                                              **Hon. Hugh B. Scott**

                v.                                            **13CV356A**

                                                              **Report
                                                              and
CAROLYN W. COLVIN, Acting                                     Recommendation**
Commissioner of   Social Security[1],

                                    Defendant.

        Before the Court are the parties' respective motions for judgment on the pleadings (Docket

Nos. 17 (plaintiff), 16 (defendant Commissioner)).

## INTRODUCTION

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

        The plaintiff ("Catanya Brown" or "plaintiff") filed an application for disability insurance

benefits on December 15, 2009.   That application was denied initially and on reconsideration.

The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de

---

[1]On February 14, 2013, Carolyn W. Colvin became acting Commissioner of Social
Security.   Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for the
now former Commissioner Michael Astrue as Defendant in this action; no further action is
required, 42 U.S.C. § 405(g).

novo and concluded, in a written decision dated September 13, 2011, that the plaintiff was not

disabled within the meaning of the Social Security Act.   The ALJ's decision became the final

decision of the Commissioner on February 13, 2013, when the Appeals Council denied plaintiff's

request for review.

Plaintiff commenced this action on April 9, 2013 (Docket No. 1).   The parties moved for

judgment on the pleadings (Docket Nos. 17, 16).   The motions were deemed submitted on

February 21, 2014 (Docket No. 19).

## FACTUAL BACKGROUND[2]

Ms. Brown was born on March 13, 1981, and has a high school education (R. 28).   Her

past work included working in collections in 2009, and previously serving as a nurse's aide and

performing clerical work.   Plaintiff has not worked since the alleged onset date of August 2009

(R. 24) when she stopped working due to becoming sick from the air conditioning (R. 26).

Plaintiff had four children, between the ages of 5-13, with another child on the way at the time of

the November 2011 hearing before the ALJ (R. 26).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff claims disability due to HIV and depression.   She tested positive for HIV on

January 27, 2006 (R. 243), and was treated from February 6, 2006 to May 4, 2011 (R. 226-49,

278-341, 389-97, 401-49; Docket No. 16, Def. Memo. at 2).

Plaintiff testified that she stopped working because she always got sick and that she did not

like to be around people (R. 26).   Plaintiff gets counseling and her mother helps her (R. 26),

although she could cook, clean, do laundry, and take care of her children (id.).   She gets diarrhea

as a side effect of her medications.   She gets boils on her face, is always tired, feels weak, and

---

[2]References noted as "(R.___)" are to the certified record of the administrative proceedings.

lacks energy (R. 26).   Plaintiff reports that she started school in January 2011 to become a registered nurse (R. 26).

The ALJ found that her HIV infection level did not reach the level to be deemed a disability.   As for her depression, the ALJ found that she did not meet the "paragraph B" criteria for depression under the mental health listings, namely because plaintiff had no restrictions on her daily living; she had only mild (but not marked or worse) social functioning; she had moderate difficulties in concentration, persistence, and pace; and she had no episodes of decomposition. The ALJ also found that there was no presence of "paragraph C" criteria.   (R. 25.)

Although plaintiff's medically determinable impairments could be expected to cause the alleged symptoms, the ALJ found that plaintiff's claims of intensity, persistence, and limiting effects of the symptoms are not credible because they are not credible with the medical evidence and the residual functional capacity assessment (R. 26).   While plaintiff suffers from HIV infection, her allegations of total disability are not supported by plaintiff's treatment records (R. 26).

Considering plaintiff's testimony and statements concerning her symptoms and limitations, the ALJ found that plaintiff thus had a residual functional capacity to perform light work with limitations, such as that she could only perform simple tasks not involving working closely with others.   As a result, the ALJ found that plaintiff was capable of performing her past relevant work as a nurse's aide and clerical work.   (R. 25-28.)

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence.   See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).   Substantial evidence is defined as "'more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated   Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."   42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that impairment prevents from returning to her previous type of employment.   Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).   Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff

could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v.

Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must

employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant
> regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing
> past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any
> kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.   If a plaintiff is found to be

either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.

1992).   However, it should be noted that the ALJ has an affirmative duty to fully develop the

record.   Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from

performing past work, the ALJ is required to review the plaintiff's residual functional capacity and

the physical and mental demands of the work has done in the past.   20 C.F.R. §§ 404.1520(e) &

416.920(e).   When the plaintiff's impairment is a mental one, special "care must be taken to

obtain a   precise description of the particular job duties which are likely to produce tension and

anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other

people, etc., in order to determine if the claimant's mental impairment is compatible with the

performance of such work."   See Social Security Ruling 82-62 (1982) ("SSR");   Washington v.

Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994).   The ALJ must then determine the individual's

ability to return to past relevant work given residual functional capacity.   Washington, supra, 37

F.3d at 1442.

*Application*

In the instant case, plaintiff argues that the ALJ disregarded certain medical opinions or did

not give them sufficient weight in making findings (Docket No. 17, Pl. Memo. at 11-13; R. 27,

353-56, 258-59), including disregarding the opinion of a nurse practitioner, plaintiff's long time

primary care provider (Docket No. 17, Pl. Memo. at 13-14, R. 343-52).   The ALJ considered only

the opinion of Dr. Adel Sulaiman (or "Dr. Sullivan," R. 27, as identified by the ALJ; Docket No.

17, Pl. Memo. at 12; cf. R. 250-51) regarding plaintiff's ability to walk, stand, and sit over a

prolonged period and level of depression, and the ALJ gave that opinion little weight while only

citing the opinions of Drs. Kathleen Kelley and Cyndria Bender (Docket No. 17, Pl. Memo. at

12-13; R. 27).   Plaintiff next contends that the ALJ relied substantially upon the opinion of a

single decision maker to support his residual functional capacity finding that plaintiff could

perform light work (Docket No. 17, Pl. Memo. at 14-16; R. 27, 58-63).   Plaintiff faults the ALJ

for erroneously giving weight to the opinions of Drs. Ryan and Hill without giving any explanation

(Docket No. 17, Pl. Memo. at 16-19; R. 27-28, 254, 357-61).   Plaintiff argues that the ALJ relied

upon the state agency review physicians' findings but not their favorable findings (Docket No. 17,

Pl. Memo. at 18).

Defendant argues that there is substantial evidence in the record to support the ALJ's

findings (Docket No. 16, Def. Memo. at 18-25; Docket No. 20, Def. Reply Memo. at   5-7).   In

reply, defendant argues that the ALJ properly assessed the medical opinions of record (Docket No. 20, Def. Reply Memo. at 1-5).

I.       Doctors' Opinions

On January 9, 2009, Dr. Sulaiman noted that plaintiff had just started her new regime and should remain off work while she adjusted (R. 251).   As a result, Dr. Sulaiman found that she had very limited functional limitations for walking, standing, sitting (for 1-2 hours) (R. 251).   Dr. Sulaiman found that plaintiff could not return to work up to January 6, 2009, calling for re-evaluation by January 5, 2009 (R. 251).   This re-evaluation by this doctor was not included in the record.   The ALJ however, found that Dr. Sulaiman's opinion was not supported by the treatment record (R. 27).   Dr. Bender conducted a consultative examination in February 26, 2009, and found that plaintiff showed no limitations in walking, sitting, traveling (among other functions) (R. 256, 258-59), supporting the ALJ's finding (R. 27).   Dr. Kelley examined plaintiff on March 30, 2010, noting that she said she did cooking, cleaning, and laundry once a month and her mother cared for her children and her general appearance, gait, and station appeared to be in "no acute distress" (R. 354).   Dr. Kelley opined that plaintiff only should refrain from areas where she could catch an infection and avoid working around heights, sharps or heavy equipment (R. 356), without stating whether she had limitations as to (for example) prolonged standing, sitting, or walking.

Defendant argues that the ALJ did consider the opinions of Drs. Kelley and Bender (Docket No. 20, Def. Reply Memo. at 2).

A.  HIV

The ALJ must determine the weight to be given for medical source opinions, <u>Dibernardo v. Chater</u>, 979 F. Supp. 238, 243 (S.D.N.Y. 1997); <u>Richardson v. Barnhart</u>, 443 F. Supp. 2d 411, 424, 425 (W.D.N.Y. 2006) (Larimer, J.) (ALJ faulted for failing to give additional weight to examining physicians without explanation and failing to give treating physician controlling weight) (Docket No. 17, Pl. Memo. at 12).

The ALJ did not expressly explain the weight given to the opinions of Drs. Bender and Kelley.   The issue, then, is whether such a finding is necessary if the record here supports the ALJ's ultimate opinion, as defendant argues (Docket No. 20, Def. Reply Memo. at 2). Drs. Bender and Kelly did not find limitations on plaintiff working, save avoiding exposure to potential infections.   Plaintiff would emphasize this infection exposure limitation (<u>see</u> Docket No. 17, Pl. Memo. at 13).   The weight the ALJ placed on Dr. Kelley's opinion, especially as to the exposure to infection, was required.   Although the RFC would limit plaintiff's exposure to other persons by restricting plaintiff closely working with others, the RFC does not address exposure to non-human sources of infection, such as air conditioning.   Dr. Kelley in her evaluation noted plaintiff's history of pneumonia, a boil on one eye, and rashes (R. 353) and plaintiff testified that she could not keep jobs, including exposure to the air conditioning at her collections job leading her to have bouts of the flu, stys in her eyes and leading to her termination (R. 39-41; Docket No. 17, Pl. Memo. at 13).   The ALJ's decision therefore should be remanded on this basis.

B.    Depression

The ALJ cited the consultative evaluation of Dr. Thomas Ryan, Ph.D., from February 26, 2009, that plaintiff did not have any significant limitation of her ability to follow and understand

simple directions and instructions, perform simple tasks independently, maintain attention and concentration, or learn new tasks.   Dr. Ryan also found that plaintiff has the ability to make adequate decisions and had only moderate limitation in her ability to deal with others and deal with stress.   (R. 27, 251-55.)   The ALJ found that these findings were consistent with the findings of the psychiatric consultative examination of Dr. Robert Hill, Ph.D., that plaintiff was slightly irritable or anxious and had no prior history of psychiatric hospitalization or mental health outpatient treatment (R. 27, 357).

Like the physicians considering plaintiff's physical condition, the ALJ did not explain the weight assigned to the opinions of Drs. Hill and Ryan for plaintiff's psychiatric wellbeing.   As plaintiff states (Docket No. 17, Pl. Memo. at 18) this also is error.   Upon remand, this ALJ should consider and state the weight given to the psychiatric evidence.

C.      Nurse Practitioner as Medical Source

Plaintiff argues that the ALJ improperly disregarded and failed the mention medical evidence from nurse practitioner Lynn Grucza as an "other source," pursuant to SSR 06-3p, expressing a residual functional capacity more restrictive than found by the ALJ (Docket No. 17, Pl. Memo. at 13-14; R. 343-46, 348-52).   Plaintiff argues that the ALJ abused his discretion in not even citing the nurse practitioner (Docket No. 17, Pl. Memo. at 14).

In particular, Grucza found that plaintiff had moderate difficulty in maintaining social functioning, had deficiencies in concentration, persistence or pace, marked impairment in ability to work normal workday without interruption from psychologically based symptoms (R. 343, 344), opining that plaintiff did not continue HIV antiretroviral regime due to severe side effects that Grucza believed may partially be related to depression (R. 345).   Plaintiff was prescribed a

9

new antidepressant (id.).   Grucza also noted (in March 5, 2010) that plaintiff has impairments

from depression (R. 351), but does not specify the limitations from that depression.

Defendant argues that there was no harmful error to require remand for not considering the

opinion of Grucza, contending that Grucza's reports were not supported by treatment notes or

clinical tests (Docket No. 20, Def. Reply Memo. at 3-4).   Defendant also notes that Grucza found

that plaintiff was not significantly impaired in other areas (Docket No. 20, Def. Reply Memo. at 4;

Docket No. 16, Def. Memo. at 22-23; R. 344-45).   Defendant argues that nurse practitioners are

not acceptable medical sources whose opinions are eligible for controlling weight, see 20 C.F.R.

§§ 404.1502, 404.1513, 416.902, 416.913; SSR 96-2p, 06-03p (Docket No. 20, Def. Reply Memo.

at 4).

The ALJ enjoys the discretion to determine the appropriate weight to accord to other

source opinions, Diaz v. Shalala, 59 F.3d 307, 314 (2d Cir. 1995) (Docket No. 17, Pl. Memo. at

13).   But as a nurse practitioner and "other source" opinion, the assessment by that practitioner is

entitled to some weight especially where there is a treatment relationship with plaintiff, Selinsky v.

Comm'r of Soc. Sec., No. 08-CV-1363, 2010 U.S. Dist. LEXIS 65494, at *11-12 (N.D.N.Y.

June 30, 2010) (Bianchini, Mag. J.).   It is an abuse of discretion to reject a nurse practitioner's

opinion out of hand without any further exploration of the basis for that assessment, id. at *12;

Gillies v. Astrue, No. 07CV517, 2009 U.S. Dist. LEXIS 36484, at *15-16 (W.D.N.Y. Apr. 29,

2009) (Telesca, J.).   While the ALJ should have considered and given weight to the nurse

practitioner's opinion, plaintiff fails to show harmful error in this disregard.   The nurse

practitioner's opinion was consistent with parts of the RFC and, although it states that plaintiff

suffers from depression, the nurse practitioner does not state any limitations arising from this depression.

II.      Single Decision Maker

Plaintiff objects to the ALJ relying upon a single decision maker (Docket No. 17, Pl. Memo. at 14-16; cf. R. 27-28), the opinion of D. Bush, the state agency evaluator (Docket No. 20, Def. Reply Memo. at 4; R. 58-63).   But as defendant notes (Docket No. 20, Def. Reply Memo. at 4-5), substantial evidence supports the single decision maker's findings, since that person relied upon the consultative examinations of plaintiff (R. 58-63).

**CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **reversed** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 16) should be **denied** and plaintiff's motion for similar relief in her favor (Docket No. 17) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).   <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any</u>**

**subsequent district court's order adopting the recommendations contained herein.**   Thomas
v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak
v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law
and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge
in the first instance.   See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale
Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3),
"written objections shall specifically identify the portions of the proposed findings and
recommendations to which objection is made and the basis for such objection and shall be
supported by legal authority."   **Failure to comply with the provisions of Rule 72.3(a)(3) may
result in the District Court's refusal to consider the objection.**

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 7, 2014

12